UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    No. 1:26-cv-10780-JEK <br> ) |
| JOHN DOE, *subscriber assigned IP address 71.233.188.92*, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE

**KOBICK, J.**

      Plaintiff Strike 3 Holdings, LLC, a producer and distributor of adult films, has brought this copyright infringement action against defendant "John Doe," a currently unknown subscriber with an assigned Interpret Protocol ("IP") address of 71.233.188.92, for allegedly downloading and distributing its movies. Pending before this Court is Strike 3's motion under Federal Rule of Civil Procedure 26(d)(1) for leave to serve a third-party subpoena before the Rule 26(f) conference on Doe's internet service provider ("ISP"), Comcast Cable Communications, LLC, in order to obtain Doe's name and mailing address and to effectuate service. Because the requested discovery is warranted under Rule 26(d)(1), Strike 3's motion will be granted with certain restrictions.

### BACKGROUND

      The following facts, drawn from the complaint, are accepted as true for purposes of this motion. Strike 3 owns several adult movies, which are registered with the United States Copyright Office. ECF 1, ¶¶ 2, 46, 49. Doe, whose identity remains unknown, has allegedly infringed on Strike 3's copyrights by illegally downloading 41 films and distributing them to others through a

file distribution system called BitTorrent. *Id.* ¶¶ 4, 17, 44, 46; *see* ECF 1-1. Strike 3 has been able to identify Doe's IP address, 71.233.188.92, using its proprietary detection software and determine, through geolocation technology, that Doe resides in Massachusetts. ECF 1, ¶¶ 8-9, 12, 27-34. Doe's ISP, Comcast, can provide the defendant's name and address. *Id.* ¶¶ 5, 12.

In February 2026, Strike 3 initiated this action raising a single claim of direct copyright infringement against Doe. *Id.* ¶¶ 51-56. It seeks an order enjoining Doe from continuing to infringe on its copyrighted works and requiring that Doe delete any such works from their possession. *Id.* at 9-10. That same month, Strike 3 filed this motion requesting that the Court permit it to serve Doe's ISP, Comcast, with a subpoena under Federal Rule of Civil Procedure 45. ECF 7. The subpoena, according to Strike 3, will only seek Doe's "true name and address." ECF 8, at 2.

## DISCUSSION

Federal Rule of Civil Procedure 26(d)(1) provides, in pertinent part, that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). While the First Circuit has not articulated a standard for permitting a third-party subpoena before a Rule 26(f) conference to uncover the identity of an unknown defendant, courts in this district generally require a showing of "good cause" for such Rule 26(d) discovery. *Strike 3 Holdings, LLC v. Doe*, No. 24-cv-11654-AK, 2024 WL 3472404, at *2 (D. Mass. July 19, 2024). To determine whether good cause exists, courts ordinarily weigh the following five factors: "'(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy.'" *Strike 3 Holdings, Inc. v. Doe*, 677 F. Supp. 3d 1, 4 (D. Mass. 2023) (quoting *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-

65 (S.D.N.Y. 2004)). Balancing these five factors, the Court concludes that early third-party discovery under Rule 26(d)(1) is warranted. *See Strike 3 Holdings, LLC v. Doe*, No. 23-cv-11716-GAO, 2023 WL 5485794, at *1 (D. Mass. Aug. 18, 2023) (collecting cases finding good cause).[1]

The first factor supports Strike 3 because it has made "a concrete showing of a prima facie claim of actionable harm" based on its sole claim of copyright infringement. *Sony Music*, 326 F. Supp. 2d at 564-65. To establish such a claim, Strike 3 "must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Perea v. Editorial Cultural, Inc.*, 13 F.4th 43, 52 (1st Cir. 2021) (quotation marks omitted); *accord Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Strike 3 owns valid copyrights on its adult films, including the 41 that Doe allegedly copied and distributed without its permission. ECF 1, ¶¶ 4, 44, 46-49; ECF 1-1. Strike 3's detection software identified the IP address as well as the time and date of Doe's illegal downloads and distributions. ECF 1, ¶¶ 44, 46; ECF 1-1. Strike 3 also submitted declarations to support these allegations based on the declarants' review of that software, Doe's recorded BitTorrent activity, or the copyrighted material. ECF 8-1, 8-2, 8-3. Strike 3 has therefore adequately established, for purposes of this motion, a copyright infringement claim.

The second factor, concerning the "specificity of the discovery request," also weighs in Strike 3's favor, *Sony Music*, 326 F. Supp. 2d at 565, because the requested subpoena of Comcast

---

[1] Other courts, however, assess whether similar requests for early discovery are relevant and proportional under Rule 26(b). *Strike 3*, 677 F. Supp. 3d at 5. This is because, as the D.C. Circuit points out, Rule 26(b) was amended in 2015 to remove the good cause requirement and replace it with the relevance and proportionality standard. *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 n.2 (D.C. Cir. 2020). But this Court, like the D.C. Circuit, need not decide which standard applies, *id.*, because Strike 3 would also satisfy the general proportionality and relevance standard, *see* ECF 8, at 5 n.2. Strike 3 lacks "access to relevant information" consisting of Doe's name and address, and that information is important to "resolving the issues" in this case because the action cannot proceed without it. Fed. R. Civ. P. 26(b)(1). Accordingly, Strike 3's requested early discovery is relevant to its copyright infringement claim and proportional to the needs of this action. *Strike 3*, 677 F. Supp. 3d at 6-7.

is limited to Doe's name and address, ECF 8, at 2. Courts regularly find that such specificity is sufficient because that information is needed to effectuate service and continue with the case. *See, e.g.*, *Strike 3*, 2024 WL 3472404, at *2; *Strike 3*, 677 F. Supp. 3d at 5 (collecting cases).

The third factor similarly favors Strike 3 because it lacks "alternative means to obtain the subpoenaed information." *Sony Music*, 326 F. Supp. 2d at 565. Indeed, as the D.C. Circuit observed, Doe's ISP, Comcast, is "the only entit[y] that can link [the] IP address to its subscriber." *Strike 3*, 964 F.3d at 1206; *see also Viken Detection Corp. v. Doe*, No. 19-cv-12034-NMG, 2019 WL 5268725, at *1 (D. Mass. Oct. 17, 2019) ("The only way the plaintiffs can realistically proceed in this lawsuit against the John Doe defendant(s) is . . . by subpoenaing the" ISP "connected to the IP addresses.").

The fourth factor likewise supports the requested relief because "the subpoenaed information [is needed] to advance the claim." *Sony Music*, 326 F. Supp. 2d at 565. Strike 3 could not, according to the D.C. Circuit, "identify the defendant and effectuate service without subpoenaing the defendant's" ISP for Doe's name and address. *Strike 3*, 964 F.3d at 1205.

The fifth and final factor further weighs in favor of granting Strike 3's request because, as the D.C. Circuit explained, Doe has "'little expectation of privacy in downloading and distributing copyrighted [content] without permission.'" *Id.* at 1209 (citation omitted). And even if this factor were neutral or marginally favored Doe, the other four factors would outweigh Doe's expectation of privacy. *Strike 3*, 677 F. Supp. 3d at 6. Given that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material," early discovery is appropriate, particularly where, as provided below, it is subject to restrictions that adequately protect Doe's privacy. *Id.* (quotation marks omitted). In sum, the five *Sony Music* factors support allowing Strike 3 to serve its requested subpoena.

4

**CONCLUSION AND ORDER**

For the foregoing reasons, Strike 3's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, ECF 7, is GRANTED with the following restrictions:

1. Strike 3 may immediately serve a third-party subpoena, pursuant to Federal Rule of Civil Procedure 45, upon Comcast Cable Communications, LLC, requiring that it disclose only the name and address of the subscriber associated with IP address 71.233.188.92. The subpoena must include a copy of this Order.

2. Comcast will have fifteen days from the date that the subpoena is served upon it to serve the subscriber—by any reasonable means, including written notice to the subscriber's last known address—with a copy of the subpoena and this Order.

3. The subscriber will have 30 days from the date that the subpoena is served upon them to file any motion with this Court to quash or contest the subpoena, including any request to litigate the subpoena anonymously. Comcast cannot produce any subpoenaed information to Strike 3 during this period absent further order from the Court.

4. If this 30-day period lapses without the subscriber filing a motion to quash the subpoena in this Court, Comcast must provide Strike 3 with all information necessary to comply with the subpoena within ten days thereafter.

5. Under Federal Rule of Civil Procedure 45, Comcast may also move to contest the subpoena. If it so chooses, it must ensure that its filings do not disclose to Strike 3 any identifying information regarding the subscriber.

6. Strike 3 may use the information disclosed in response to the Rule 45 subpoena served on Comcast only for the purpose of protecting and enforcing its rights as set forth in the complaint.

SO ORDERED.

Dated: March 2, 2026

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE